## GORDON & CO. *v.* GOODRICH & CO.

M., one of the partners, defendants, was the agent of the Bank of Kentucky. Pending this agency, defendants received from S., L. & Co., of Louisville, a consignment of flour, which they were directed to sell and retain proceeds towards payment of a draft drawn by plaintiffs They sold the flour, and M., acting under instructions from the bank, attached the proceeds. After the attachment, defendant received a despatch from S., L. & Co., directing them to deliver the flour, or its proceeds, to plaintiffs. *By the Court:* The defendants, as factors, and holding the funds as an irregular deposit, ought not to defeat the arrangement of the parties by taking upon themselves the agency of the Bank of Kentucky. The two agencies are incompatible, and having received the consignment of the flour for a particular purpose without objections, and made a sale, they became absolutely the agents of the parties interested in the shipment of which they had notice, and they cannot be permitted to defeat the very object of the consignment of the flour by diverting the proceeds to their individual claims against S., L. & Co., nor by acting as the agent of third parties.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Hunton*, for plaintiffs. *Moïse & W. M. Randolph*, for defendants and appellants.

MERRICK, C. J. The defendants were the factors in this city of *Messrs. Spratt, Logan & Co.*, of Louisville. On the 12th day of September, 1853, the plaintiffs, for the accommodation of *Spratt, Logan & Co.*, drew a bill of exchange at six months, payable to their own order, on said *Spratt, Logan & Co.* (New Orleans) for four thousand dollars. The draft was accepted, payable at the counting-room of the defendants, and endorsed by the plaintiffs, and negotiated by *Spratt, Logan & Co.*

*Spratt, Logan & Co.*, on the 2d of February, 1854, shipped the defendant 500 barrels of flour. The letter accompanying the shipment is as follows:

"Gentlemen—By the Jas. Robb we ship you 500 bbls. flour, to be sold on our account, and proceeds to be retained towards payment of *Gordon & Co*,'s acceptance of our draft of $4000, due at your counting-room 12th, 15th prox. This lot is in the best possible condition, and we trust you will get a *big* price for it.                    Your friend,

SPRATT, LOGAN & Co."

The draft accompanied the shipment of flour, and no other similar draft was presented at their counting-house. *Goodrich & Co.* could not have misunderstood the instruction, although the word acceptors was used for drawers and endorsers. The flour and letter were received by the defendants on the 7th of February,

1854. The same day *Spratt, Logan & Co.* delivered to the plaintiff the following instrument:

"Louisville, Feb. 7th, 1854.

*Messrs. Goodrich & Co.* will deliver to *Gordon & Co.'s* order the five hundred barrels of flour, or the proceeds thereof, shipped to them by the steamer James Robb by us.      - SPRATT, LOGAN & Co."

*Gordon & Co.* endorsed this instrument in favor of *Hewitt, Norton & Co.*

On the 10th of February *Spratt, Logan & Co.* notified *Goodrich & Co.* to sell the 500 barrels flour sent by the James Robb, and hold proceeds subject to *Gordon & Co.'s* order, and advise *Hewitt & Co.*

This appears to have been received by *McKnight,* of the firm of *Goodrich & Co.,* the 13th of February, 1854, at 10 o'clock, A. M.

*W. Logan McKnight,* of the firm of *Goodrich & Co.,* acted also as agent of the Bank of Kentucky, under an agency which had existed for some time. He received, on the 12th day of February, a dispatch in those words:

"To *Wm. Logan McKnight:*

Your dispatch received. Do not pay anything on my account. Attach for the bank the two thousand dollars in your hands, and any other assets you can find. No security be had here.      V. McKNIGHT."

On the 13th day of February, the same day the dispatch was received from *Spratt, Logan & Co.,* W. L. *McKnight,* as agent for the Bank of Kentucky, gave bond and sued a writ of attachment against *Spratt, Logan & Co.,* and had the same served upon himself, and received notice of the same as a member of the house of *Goodrich & Co.* It appears also, that although the dispatch of *Spratt, Logan & Co.* was received by *Goodrich & Co.* at 10 o'clock on the 13th of February, that *W. Logan McKnight* was not advised of it at the time of the attachment, and he had no notice from any one respecting the flour or its proceeds except the letter accompanying the bill of lading.

The defendants, as factors, and holding the funds as an irregular deposit ought not to defeat this arrangement of the parties by taking, upon themselves the agency of the Bank of Kentucky. The two agencies are incompatible, and having received the consignment of the flour for a particular purpose, without objections, and made a sale, they became absolutely the agents of the parties interested in the shipment of which they had notice, and they cannot be permitted to defeat the very object of the consignment of the flour, by diverting the proceeds to their individual claims against *Spratt, Logan & Co.,* nor by acting as the agents of third parties. Story on Agency, Nos. 206, 210, 217. See also the case of *Dwight Durkee & Co.* v. *Price, Frost & Co.,* 11 An., 333.

The judgment, which was for $3363 23, the proceeds of the sale of the flour, must be affirmed.